**SO ORDERED.**

**SIGNED this 08 day of August, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| JASON LYNN YOUNG, | CASE NO. 11-06914-8-JRL |
| Debtor. | CHAPTER 7 |

| | |
|---|---|
| LINDA LEE FISHER, EXECUTRIX OF THE ESTATE OF MICHELLE MARIE FISHER YOUNG, | |
| Plaintiff | ADVERSARY PROCEEDING CASE NO. 11-00349-8-JRL |
| v. | |
| JASON LYNN YOUNG, | |
| Defendant. | |

### ORDER

This matter came before the court on the motion for summary judgment of Linda Lee Fisher ("plaintiff"), executrix of the estate of Michelle Marie Fisher Young ("decedent"). A hearing was held in Raleigh, North Carolina on August 2, 2012.

Jason Lynn Young ("debtor" or "defendant") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 9, 2011. The plaintiff filed the present

adversary proceeding on November 7, 2011, objecting to the dischargeability of the debt owed to decedent's estate by the debtor, pursuant to 11 U.S.C. § 523(a)(6). The debt arose from a default judgment entered on March 18, 2009 in the Wake County Superior Court ("state court"), awarding compensatory and punitive damages—totaling $15,573,104.40—for the wrongful death of the decedent ("default judgment"). Furthermore, the state court found as a fact that the defendant's "conduct in wrongfully causing the death of [the decedent] was malicious and willful." On March 5, 2012, almost four months after the present adversary proceeding was filed, the debtor was sentenced to life imprisonment without parole after a jury found him guilty of murdering the decedent in the first degree ("criminal conviction").

On March 30, 2012, the plaintiff filed the motion for summary judgment that is now before the court. The plaintiff argues that based on the state court's default judgment, this court's order of May 9, 2012 finding that the defendant was the slayer of the decedent[1] and the criminal conviction, there is no genuine issue of material fact that the plaintiff's wrongful death judgment against the defendant arises from defendant's willful and malicious conduct within the purview of 11 U.S.C. § 523(a)(6). The defendant filed a response to the plaintiff's motion for summary judgment on June 22, 2012. The defendant argues that the plaintiff's complaint relied solely on the default judgment,[2] and therefore, it was improper and unsupportive for the plaintiff to rely on this court's order in the underlying bankruptcy case based on the criminal conviction or the criminal conviction itself.

---

[1] The court found that the defendant was a slayer as defined by N.C. Gen. Stat. § 31A-3(3) based on the undisputed default judgment and criminal conviction.

[2] The complaint was not supplemented to include the defendant's criminal conviction.

The court finds that the plaintiff's complaint was sufficient to put the defendant on notice that the plaintiff was alleging a § 523(a)(6) claim based on the defendant's willful and malicious conduct against his former spouse. While the court cannot give collateral estoppel effect to the default judgment, see Sartin v. Macik, 535 F.3d 284 (4th Cir. 2008), it can take judicial notice of the defendant's uncontradicted criminal conviction, which constitutes a willful and malicious injury as a matter of law.

Based on the forgoing, the plaintiff's motion for summary judgment is **ALLOWED.**

**END OF DOCUMENT**